1
2
3
4
5
6
7
8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOSEPH A. SHERMAN,

11            Plaintiff,                    CIV. S-06-1217 GEB GGH PS

12       vs.

13   CA REAL ESTATE COMMISSIONER DAVI,

14            Defendant.                    <u>FINDINGS AND RECOMMENDATIONS</u>
     _____/
15

16            Previously pending on this court's law and motion calendar for August 2, 2007,

17   was defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), filed June 6, 2007.

18   Plaintiff did not file an opposition.  The court vacated the matter from the calendar and took it

19   under submission without hearing on July 27, 2007.  After carefully reviewing the record, the

20   court recommends granting the motion to dismiss with prejudice.

21   <u>BACKGROUND</u>

22            Plaintiff filed the instant action on June 5, 2006, and he is proceeding on the

23   second amended complaint, filed February 27, 2007.  The second amended complaint alleges that

24   defendant or his predecessor unjustly denied plaintiff his real estate broker's license and revoked

25   his real estate sales license in July, 2004.  Plaintiff seeks damages and injunctive relief  for

26   violation of his due process rights pursuant to 42 U.S.C. § 1983.

                                          1

1   LEGAL STANDARD FOR MOTION TO DISMISS

2          A complaint should not be dismissed under Rule 12(b)(6) unless it appears

3   beyond doubt that plaintiff can prove no set of facts in support of its claims which would entitle

4   plaintiff to relief.  NOW, Inc. v. Schiedler, 510 U.S. 249, 256, 114 S. Ct. 798, 803  (1994);

5   Cervantes v. City of San Diego, 5 F.3d 1273, 1274-75 (9th Cir. 1993).  Dismissal may be based

6   either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support

7   cognizable legal theories.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

8          The complaint's factual allegations are accepted as true.  Church of Scientology of

9   California v. Flynn, 744 F.2d 694 (9th Cir.1984).  The court construes the pleading in the light

10  most favorable to plaintiff and resolves all doubts in plaintiff's favor.  Parks School of Business,

11  Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir.1995).  General allegations are presumed to

12  include specific facts necessary to support the claim.  NOW, 510 U.S. at 256, 114 S.Ct. at 803,

13  quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992).

14         The court may disregard allegations contradicted by the complaint's attached

15  exhibits.  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987); Steckman v. Hart

16  Brewing, Inc., 143 F.3d 1293, 1295 (9th Cir.1998).  Furthermore, the court is not required to

17  accept as true allegations contradicted by judicially noticed facts.  Mullis v. United States

18  Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987).  The court may consider matters of public

19  record, including pleadings, orders, and other papers filed with the court.  Mack v. South Bay

20  Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986), abrogated on other grounds by Astoria

21  Federal Savings and Loan Ass'n v. Solimino, 501 U.S. 104, 111 S.Ct. 2166 (1991).  "The court

22  is not required to accept legal conclusions cast in the form of factual allegations if those

23  conclusions cannot reasonably be drawn from the facts alleged."  Clegg v. Cult Awareness

24  Network, 18 F.3d 752 (9th Cir. 1994).  Neither need the court accept unreasonable inferences, or

25  unwarranted deductions of fact.  See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th

26  Cir. 1981).

1    Pro se pleadings are held to a less stringent standard than those drafted by lawyers.

2    <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96 (1972).  Unless it is clear that no

3    amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend

4    the complaint before dismissal.  <u>See</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127-28 (9th Cir.2000) (en

5    banc); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987).

6    <u>ANALYSIS</u>

7    The court takes judicial notice of the documents submitted by defendant relating

8    to plaintiff's revocation of his real estate salesperson's license and denial of his application for a

9    real estate broker's license.  (Def.'s Req. for Judicial Notice, Exs. A–F).

10   Local Rule 78-230(c) provides that opposition to the granting of a motion must be

11   filed fourteen days preceding the noticed hearing date.  The Rule further provides that "[n]o party

12   will be entitled to be heard in opposition to a motion at oral arguments if written opposition to

13   the motion has not been timely filed by that party."  Local Rule 11-110 provides that failure to

14   comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized

15   by statute or Rule or within the inherent power of the Court."  Finally, Local Rule 83-183,

16   governing persons appearing <u>in propria persona</u>, provides that persons representing themselves

17   are bound by the Federal Rules and the Local Rules and failure to comply therewith may be

18   ground for dismissal, judgment by default, or other appropriate sanction.

19   By order filed April 5, 2007, plaintiff was advised that failure to "obey federal or

20   local rules, or orders of this court, may result in dismissal of this action."  Despite this

21   admonition, plaintiff failed to file an opposition.  Pursuant to Local Rule 78-230(c), therefore,

22   plaintiff is not entitled to be heard in opposition to the pending motion.

23   Plaintiff's failure to oppose should be deemed a waiver of opposition to the

24   granting of the motion.  In the alternative, the court has reviewed the motion and finds that it has

25   merit.

26   \\\\\

1         Plaintiff claims that the defendant denied plaintiff his real estate licenses based on

2    plaintiff's having committed a crime of moral turpitude when plaintiff claims that in fact he was

3    accused of pushing someone on a bus, which is not a crime involving moral turpitude.  Second

4    Am. Compl. at 2-3.  Plaintiff further alleges that he was not given proper notification or a timely

5    hearing.  Id. at 3.

6         Plaintiff's allegations of errors in the state court are barred by the Rooker-

7    Feldman doctrine because they expressly entail a review of a state court's prior judgment.

8         A federal district court does not have jurisdiction to review legal errors in state

9    court decisions.  Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 103 S. Ct.

10   1303, 1311-1312 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415, 44 S. Ct. 149, 150

11   (1923).  This doctrine has not aged well with time.  In recently advocating the abolishment of a

12   doctrine not at issue here, Justice Stevens characterized the lack of vitality in Rooker-Feldman:

13             Rather than preserving whatever vitality that the "exception" has
               retained as a result of the Markham dicta, I would provide the

14             creature with a decent burial in a grave adjacent to the resting place
               of the Rooker-Feldman doctrine.  See Lance v. Dennis, 546 U.S.

15             459, ----, 126 S.Ct. 1198, 1204, 163 L.Ed.2d 1059 (2006)
               (STEVENS, J., dissenting).

16

17   Marshall v, Marshall, 547 U.S. 293, 318, 126 S. Ct. 1735, 1752 (2006) (Stevens, J. dissenting).

18   However, while consigning Rooker-Feldman to life support, a majority of the Supreme Court has

19   not laid the doctrine to rest in the grave prepared by Justice Stevens:

20             *Rooker-Feldman*, we explained, is a narrow doctrine, confined to
               "cases brought by state-court losers complaining of injuries caused

21             by state-court judgments rendered before the district court
               proceedings commenced and inviting district court review and

22             rejection of those judgments." 544 U.S., at 284, 125 S.Ct. 1517.

23   Lance v. Dennis, 546 U.S. 459, 464, 126 S.Ct. 1198, 1201 (2006) quoting Exxon Mobil Corp. v.

24   Saudi Basic Industries Corp, 544 U.S. 280, 284, 125 S.Ct. 1517 (2005).

25        The 9th Circuit has also clarified the doctrine in Noel v. Hall, 341 F.3d 1148 (9th

26   Cir.2003).  A federal plaintiff who asserts as a legal wrong an allegedly erroneous decision by a

1   state court, and seeks relief from a state court judgment based on that decision is barred by

2   Rooker-Feldman because the federal court lacks subject matter jurisdiction.  Id. at 1164.  If, on

3   the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by

4   an adverse party, Rooker-Feldman does not bar jurisdiction.  Id.  But even if a federal plaintiff is

5   expressly seeking to set aside a state court judgment, Rooker-Feldman does not apply unless a

6   legal error by the state court is the basis for that relief.  See Kougasian v. TMSL, Inc., 359 F.3d

7   1136, 1140 (9th Cir. 2004).

8          Rooker-Feldman survives enough to require dismissal of this case.  Defendant has

9   provided the state court judgment which plaintiff is attempting to collaterally attack.  Def.'s Req.

10  for Judicial Notice; Ex. A.  On December 8, 2004, the Superior Court for the County of

11  Sacramento entered judgment upholding the commissioner's denial and revocation of plaintiff's

12  real estate licenses.  Id.   The commissioner had ruled against plaintiff in regard to his licensing

13  privileges because plaintiff had committed crimes of moral turpitude.  Id.  The court also upheld

14  the validity of the procedural aspects of the commissioner's decision.  This judgment was later

15  affirmed in two subsequent decisions.  Id.; Exs. E and F.  Plaintiff, in essence, asks this court to

16  correct the "state court errors."  For this reason, plaintiff's action is barred by the Rooker-

17  Feldman doctrine.[1]

18  CONCLUSION

19         Good cause appearing, IT IS RECOMMENDED that defendant's motion to

20  dismiss, filed June 6, 2007, be granted and this action be dismissed with prejudice.

21         These findings and recommendations are submitted to the United States District

22  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten

23  (10) days after being served with these findings and recommendations, any party may file written

24  objections with the court and serve a copy on all parties.  Such a document should be captioned

25  ────────────────

26       [1]  Because the court finds that plaintiff's claims are barred by Rooker-Feldman, it will not
     address defendant's other grounds for dismissal.

5

1   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

2   shall be served and filed within ten (10) days after service of the objections.  The parties are

3   advised that failure to file objections within the specified time may waive the right to appeal the

4   District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

5   DATED: 11/2/07

                                                              /s/ Gregory G. Hollows

6                                                   _____

7                                                   GREGORY G. HOLLOWS,
                                                    UNITED STATES MAGISTRATE JUDGE

    GGH:076 -Sherman1217.mtd.wpd

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26